UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL D. CULBERSON,
Plaintiff-Appellant,

v.                                                                    No. 95-2068

H. E. WARREN,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-95-92-2)

Submitted: May 14, 1996

Decided: May 29, 1996

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen J. Burgess, STEINGOLD & BURGESS, Virginia Beach,
Virginia, for Appellant. Michael F. Imprevento, SACKS, SACKS &
IMPREVENTO, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael D. Culberson filed a 42 U.S.C. § 1983 (1988) action alleging that H.E. Warren, the Defendant, arrested him without probable cause on August 30, 1992. On that date Culberson and three friends entered a Denny's restaurant around 2:00 a.m. and ordered drinks and meals. Culberson claims that the service was poor and that his party did not receive the meals ordered. Culberson complained to the manager and attempted to pay only for the drinks. The restaurant manager insisted that Culberson pay for the meals. Culberson refused and the Defendant, a part-time police officer, was called over and Culberson was arrested. Culberson contends that the Defendant charged him with defrauding an innkeeper and when the state court magistrate refused to issue a warrant on those grounds the Defendant changed the charge to public intoxication and a warrant was issued.

The district court granted summary judgment to the Defendant on the grounds that he acted pursuant to a valid warrant. Culberson argues that the subsequently issued warrant is irrelevant in determining whether there was probable cause to arrest him. Regardless of the issuance of a warrant, probable cause existed at the time of the arrest. The Defendant stated in an affidavit that he smelled alcohol on Culberson's breath and about his person, noticed that his eyes were bloodshot, that he was unsteady on his feet and that he was acting belligerent. Culberson did not deny the allegation that he was drunk. Thus, the district court properly granted summary judgment on the issue of whether probable cause existed to arrest Culberson for being drunk in public. We reject Culberson's argument that the district court should have determined whether probable cause existed to arrest him for defrauding an innkeeper because it was not squarely presented to the court. Moreover, the argument has no merit because probable cause existed for the sufficiently related charge of being drunk in public. See, e.g. Trejo v. Perez, 693 F.2d 482, 486 (5th Cir. 1982). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2